COMMISSIONER OF INTERNAL REVENUE *v.*
BILDER, EXECUTRIX.

No. 384.   Argued March 29, 1962.—Decided April 30, 1962.

*Stephen J. Pollak* argued the cause for petitioner.   On
the briefs were *Solicitor General Cox, Assistant Attorney
General Oberdorfer, I. Henry Kutz* and *Joseph Kovner.*

*Martin D. Cohen* argued the cause for respondent.
With him on the briefs was *Louis J. Cohen.*

MR. JUSTICE HARLAN delivered the opinion of the
Court.

This case concerns the deductibility as an expense for
"medical care," under § 213 of the Internal Revenue
Code of 1954, 26 U. S. C. § 213, of rent paid by a tax-
payer for an apartment in Florida, where he was ordered
by his physician, as part of a regimen of medical treat-
ment, to spend the winter months.[1]

---

[1] Section 213 of the 1954 Code allows as deductions in computing
net income "the expenses paid during the taxable year, not compen-
sated for by insurance or otherwise, for medical care of the taxpayer,
his spouse, or a dependent . . . ."   Subdivision (e)(1) defines such
expenses as "amounts paid"—

"(A) for the diagnosis, cure, mitigation, treatment, or prevention
of disease, or for the purpose of affecting any structure or function

500

The taxpayer, now deceased, was an attorney practicing law in Newark, New Jersey. In December 1953, when he was 43 years of age and had suffered four heart attacks during the previous eight years, he was advised by a heart specialist to spend the winter season in a warm climate. The taxpayer, his wife, and his three-year-old daughter proceeded immediately to Fort Lauderdale, Florida, where they resided for the ensuing three months in an apartment rented for $1,500. Two months of the succeeding winter were also spent in Fort Lauderdale in an apartment rented for $829.

The taxpayer claimed the two rental payments as deductible medical expenses in his 1954 and 1955 income tax returns. These deductions were disallowed in their entirety by the Commissioner.[2] The Tax Court reversed the Commissioner's determination to the extent of one-third of the deductions, finding that proportion of the total claimed attributable to the taxpayer's own living accommodations. The remaining two-thirds it attributed to the accommodations of his wife and child, whose presence, the Tax Court concluded, had not been shown to be necessary to the medical treatment of the taxpayer's illness. 33 T. C. 155.

On cross-appeals from the decision of the Tax Court, the Court of Appeals held, by a divided vote, that the full

of the body (including amounts paid for accident or health insurance), or

"(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)."

[2] The Commissioner concedes that the taxpayer's sojourn in Florida was not for vacation purposes but was "a medical necessity and . . . a primary part of necessary medical treatment of a disease" from which the taxpayer was suffering, i. e., atherosclerosis. 33 T. C., at 157. The taxpayer also claimed in each of his tax returns a $250 deduction for his transportation between Newark and Fort Lauderdale. Although the Commissioner initially disallowed this deduction, he thereafter acquiesced in its allowance by the Tax Court.

rental payments were deductible as expenses for "medical care" within the meaning of § 213. 289 F. 2d 291. Because of a subsequent contrary holding by the Court of Appeals for the Second Circuit, *Carasso* v. *Commissioner*, 292 F. 2d 367, and the need for a uniform rule on the point, we granted certiorari to resolve the conflict. 368 U. S. 912.

The Commissioner concedes that prior to the enactment of the Internal Revenue Code of 1954 rental payments of the sort made by the taxpayer were recognized as deductible medical expenses. This was because § 23 (x) of the Internal Revenue Code of 1939, though expressly authorizing deductions only for "amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease," [3] had been construed to include "travel primarily for and essential to . . . the prevention or alleviation of a physical or mental defect or illness," Treasury Regulations 111, § 29.23 (x)–1, and the cost of meals and lodging during such travel, I. T. 3786, 1946–1 Cum. Bull. 76. See, *e. g., Stringham* v. *Commissioner*, 12 T. C. 580, aff'd, 183 F. 2d 597; Rev. Rule 55–261, 1955–1 Cum. Bull. 307.

The Commissioner maintains, however, that it was the purpose of Congress, in enacting § 213 (e)(1)(A) of the 1954 Code, albeit in language identical to that used in § 23 (x) of the 1939 Code (compare notes 1 and 3, *supra*),

---

[3] Section 23 (x) was added to the Internal Revenue Code of 1939 by § 127 (a) of the Revenue Act of 1942, 56 Stat. 825. It provided, in pertinent part:

"[In computing net income there shall be allowed as deductions] . . . expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent . . . of the taxpayer. The term 'medical care,' as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance)."

to deny deductions for all personal or living expenses incidental to medical treatment other than the cost of transportation of the patient alone, that exception having been expressly added by subdivision (B) to the definition of "medical care" in § 213 (e)(1).   Note 1, *supra.*

We consider the Commissioner's position unassailable in light of the congressional purpose explicitly revealed in the House and Senate Committee Reports on the bill. These reports, anticipating the precise situation now before us, state:

> "Subsection (e) defines medical care to mean amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of diseases or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or for transportation primarily for and essential to medical care.   The deduction permitted for 'transportation primarily for and essential to medical care' *clarifies existing law* in that it specifically *excludes deduction of any meals and lodging while away from home receiving medical treatment.* For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climatic conditions which have proven injurious to the health of the taxpayer, and the travel is prescribed for reasons other than the general improvement of a patient's health, the cost of the patient's transportation to Florida would be deductible *but not his living expenses while there.*   However, if a doctor prescribed an appendectomy and the taxpayer chose to go to Florida for the operation not even his transportation costs would be deductible.   The subsection is not intended otherwise to *change* the existing definitions of medical care, to deny the cost of ordinary

ambulance transportation nor to deny the cost of food or lodging provided as part of a hospital bill." H. R. Rep. No. 1337, 83d Cong., 2d Sess. A60 (1954); S. Rep. No. 1622, 83d Cong., 2d Sess. 219–220 (1954).[4] (Emphasis supplied.)

Since under the predecessor statute, as it had been construed, expenses for meals and lodging *were* deductible as expenses for "medical care," it may well be true that the Committee Reports spoke in part inartistically when they referred to subsection (e) as a mere clarification of "existing law," although it will be noted that the report also referred to what was being done as a *pro tanto* "change" in "the existing definitions of medical care." Yet Congress' purpose to exclude such expenses as medical deductions under the new bill is unmistakable in these authoritative pronouncements, *ibid.;* cf. Budget Message of the President for the Fiscal Year 1955, H. R.

---

[4] The substance of the rule set forth in both Reports has been embodied in the Treasury Regulations interpreting § 213:

"(iv) Expenses paid for transportation primarily for and essential to the rendition of the medical care are expenses paid for medical care. However, an amount allowable as a deduction for 'transportation primarily for and essential to medical care' shall not include the cost of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a taxpayer go to a warm climate in order to alleviate a specific chronic ailment, the cost of meals and lodging while there would not be deductible. On the other hand, if the travel is undertaken merely for the general improvement of a taxpayer's health, neither the cost of transportation nor the cost of meals and lodging would be deductible. If a doctor prescribes an operation or other medical care, and the taxpayer chooses for purely personal considerations to travel to another locality (such as a resort area) for the operation or the other medical care, neither the cost of transportation nor the cost of meals and lodging (except where paid as part of a hospital bill) is deductible." Treasury Regulations on Income Tax (1954 Code) § 1.213–1 (e) (1) (iv).

Doc. No. 264, 83d Cong., 2d Sess. M17 (1954); Memorandum of Joint Committee on Internal Revenue Taxation, 1 Senate Hearings on the Internal Revenue Code of 1954, 83d Cong., 2d Sess. 24 (1954); Memorandum of the Under Secretary of the Treasury, *id.*, at 103. It is that factor which is of controlling importance here.[5]

We need not consider whether we would be warranted in disregarding these unequivocal expressions of legislative intent if the statute were so written as to permit no reasonable construction other than that urged on behalf of the taxpayer. Compare *Boston Sand & Gravel Co.* v. *United States*, 278 U. S. 41, 48; *United States* v. *Dickerson*, 310 U. S. 554, 561–562; *Harrison* v. *Northern Trust Co.*, 317 U. S. 476, 479. See also *Association of Westinghouse Salaried Employees* v. *Westinghouse Elec. Corp.*, 348 U. S. 437, 444. Even the initial decision of the Tax Court under the 1939 Code respecting the deductibility of similar expenses under § 23 (x) recognized that the language of that statute was "susceptible to a variety of conflicting interpretations," *Stringham* v. *Commissioner*, 12 T. C. 580, 583. The Tax Court's conclusion as to the meaning of § 23 (x) of the earlier statute which was affirmed by the Court of Appeals, 183 F. 2d 579, and acquiesced in by the Commissioner, necessarily rested on what emerged from a study of the legislative history of

---

[5] The explicitness of the Committee Reports renders it unnecessary to consider the Commissioner's alternative argument that the statute on its face precludes these deductions because (1) § 262 of the 1954 Code, 26 U. S. C. § 262, allows no deductions for "personal, living, or family expenses" "[e]xcept as otherwise expressly provided in this chapter," and (2) apart from the medical "transportation" expense provided in § 213 (e) (1) (B), no other *express* exception can be found in the statute. And the equitable considerations which the respondent brings to bear in support of her construction of § 213 are of course beside the point in this Court, since we must give the statute effect in accordance with the purpose so clearly manifested by Congress.

that enactment. So too the conclusion in this case, which turns on the construction of the identical words re-enacted as part of § 213, must be based on an examination of the legislative history of this provision of the 1954 Code. The Committee Reports foreclose any reading of that provision which would permit this taxpayer to take the rental payments for his Florida apartment as "medical care" deductions.

*Reversed.*

MR. JUSTICE DOUGLAS would affirm the judgment below for the reasons given by Judge Kalodner, 289 F. 2d 291.

MR. JUSTICE FRANKFURTER took no part in the decision of this case.

MR. JUSTICE WHITE took no part in the consideration or decision of this case.