Loren Wilks v. Commissioner.
Wilks v. Commissioner
Docket No. 3377-67.
United States Tax Court
T.C. Memo 1968-220; 1968 Tax Ct. Memo LEXIS 75; 27 T.C.M. (CCH) 1086; T.C.M. (RIA) 68220; September 30, 1968. Filed Loren Wilks, pro se, 1813 Thompson Ave., Dodge City, Kan. F. Timothy Nicholls, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $295.32 in petitioner's income tax for the taxable year 1965. There was a pretrial concession by the petitioner. The sole issue for determination is whether petitioner is entitled to deduct $1,539 as medical expenses pursuant to section 213 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Loren Wilks (hereinafter referred to as Loren) is an individual who resided in Dodge City, Kansas, at the time the petition herein was filed. *76 For the taxable year 1965, Loren and his wife, Thyra B. Wilks (hereinafter referred to as Thyra), filed a joint return with the district director of internal revenue at Wichita, Kansas. During the taxable year 1965, Thyra was suffering from carcinoma, a form of malignant cancer, a disease which subsequently caused her death on September 8, 1966. During her illness, Thyra was under the medical care of A.B. Busch, M.D., of Dodge City, Kansas. He recommended treatment for her which was not available in Dodge City, Kansas. Pursuant to his advice, Thyra and Loren made two trips during 1965 to New York City where she received treatment for her illness through the Pack Medical Group. Loren accompanied her because she was not able to travel alone. The first trip covered a period from April 30, 1965, to June 20, 1965. From May 4 to May 13, Thyra was an inpatient at Doctors Hospital. From May 14 until June 2, she received outpatient treatment at Memorial Hospital in New York City. On June 2, she entered Medical Arts Center Hospital and remained there until June 14. She received outpatient treatment at Memorial Hospital from June 14 to June 20, at which time she and Loren returned to Dodge *77 City. During the entire duration of the first trip, Loren lived in a rented furnished apartment in New York City. During the 29 days in which she was an outpatient, Thyra also resided at the apartment. The apartment had cooking facilities where meals could be and were in fact, on occasion, prepared by Loren for himself and his wife. There was a delicatessen adjacent to the 1087 apartment although the closest restaurant was located six blocks away. The second trip spanned a period of 12 days from September 17, 1965, to September 29, 1965. Thyra was hospitalized for four of these days. Loren rented a hotel room where he resided during this second trip and where Thyra also lived while she was receiving outpatient treatment. There were eating facilities available in the hotel which the petitioner used in having meals sent up to their room. Thyra was under no special medical diet during the periods she received outpatient treatment and resided with the petitioner in the apartment and hotel. A primary reason for Loren choosing to reside at the apartment and hotel, which he selected, was not the availability of medical care which Thyra might receive at either place but rather their *78 location in respect to Memorial Hospital and the Pack Medical Group. Neither the hotel nor apartment was connected in any way, either physically or administratively, to any of the hospitals in which Thyra was a patient or to the Pack Medical Group. Furthermore, they were not set up or equipped to function in any manner as a hospital room. In order to obtain necessary medical treatment for Thyra, Loren and Thyra spent 64 days in New York City during the taxable year 1965. Thyra was an outpatient for 37 of these days. While she was an outpatient, no professional nurse was ever employed for the purpose of caring for her. During such periods, Loren administered oral medicine to her and aided her with her hygienical needs. On their joint 1965 Federal income tax return, Loren and Thyra claimed the following items as medical expense deductions: (1)
Travel expenses - two round-trip fares to New York City for both Loren and Thyra
$ 758.26
(2)
Transportation - taxi, wheelchair, etc. expenses to and from the airport
184.00
(3)
Meals and lodging - the cost of meals and lodging for Loren and Thyra (exclusive of her meals and lodging incurred as part of a hospital bill)
1,465.00
(4)
Transportation for meals - taxi fares incurred by Loren in either going out for food which he took back to their residence or which they ate in a restaurant while Thyra was an outpatient
74.00
(5)
Postage and telephone
63.29
*79 In his notice of deficiency, respondent determined that the expenditures for meals and lodging (item 3 above), transportation for meals (item 4), and postage and telephone (item 5) were nondeductible personal expenses rather than deductible medical expenses. Loren has conceded that the expenditures for postage and telephone (item 5) are not deductible. We therefore will not consider this item. Opinion The issue is whether Loren is entitled to deduct $1,539 incurred in 1965 for meals and lodging (exclusive of Thyra's expenses for meals and lodging while she was hospitalized) and taxi fares expended for the sole purpose of securing meals for himself and Thyra while they were in New York City in order to obtain necessary medical treatment for Thyra. In Commissioner v. Bilder [62-1 USTC 9440], 369 U.S. 499 (1962), the Supreme Court held that Congress in enacting section 213(e) (1) (B), Internal Revenue Code of 1954, the statute involved herein, intended to preclude the deductibility of meals and lodging as medical expenses unless incurred as part of a hospital bill. In Carasso v. Commissioner [61-2 USTC 9579], 292 F. 2d 367 (C. *80 A. 2, 1961), affirming [Dec. 24,376] 34 T.C. 1139 (1960), certiorari denied 369 U.S. 874 (1962), a seriously ill taxpayer traveled to Bermuda solely for medical reasons. He was not permitted a medical expense deduction for the costs of meals and lodging incurred in connection with the trip by him and his wife, whose presence was essential because he could not have made the trip alone and because she performed many services for him such as a trained nurse might have rendered. Loren's position [1] appears to be that Bilder, supra, and Carasso, supra, are distinguishable from the case at bar because they are merely "convalescent cases" whereas the instant one is a "terminal case." He contends that a "terminal case" should be judged on its own merits. We do not agree. We see no reason to have one rule for "convalescent cases" and and another rule for "terminal cases." Although we have great sympathy for Loren's plight, we think that Bilder and Carasso are 1088 controlling. We therefore conclude *81 that he is not entitled to deduct the expenses incurred in 1965 for meals and lodging, including taxi fares incurred to secure meals, as medical expenses. Decision will be entered for the respondent. Footnotes
1. Loren did not file a brief. We have done our best to formulate his position from his petition and the testimony he gave at trial.↩