**Morris C. MONTGOMERY and Frances W. Montgomery, Petitioners-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**No. 19680.**

United States Court of Appeals, Sixth Circuit.

June 19, 1970.

Carolyn R. Just, Department of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Attys., Department of Justice, Washington, D. C., on the brief, for appellant.

William R. Bagby, Lexington, Ky., for appellees.

Before CELEBREZZE and PECK, Circuit Judges and O'SULLIVAN, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from a judgment of the Tax Court of the United States by

the Commissioner of Internal Revenue [hereinafter "Commissioner"] against Morris C. Montgomery [hereinafter "Taxpayer"] and his wife, who had filed a joint return for the taxable year 1961. The Tax Court held, four judges dissenting, that the cost of meals and lodging of the Taxpayer and his wife, while en route from their home in Lawrenceburg, Kentucky, to Rochester, Minnesota, and return, on trips in 1961 for bona fide medical reasons, is included within the meaning of "transportation" expenses as used in Section 213(e) (1) (B) of the Internal Revenue Code of 1954; and therefore, such costs were deductible expenses for "medical care."

During 1961, the Taxpayer and his wife made three round trips to the Mayo Clinic, Rochester, Minnesota, from their legal residence in Lawrenceburg, Kentucky. Each of these trips was for admittedly medical purposes and the Commissioner concedes that although the later two trips were for the medical treatment of Taxpayer's wife, the Taxpayer's accompaniment of his wife was required for medical reasons. The Taxpayer and his wife made their first round trip by automobile and incurred certain itemized expenses, during their transportation, for food and lodging. Subsequently, Taxpayer's wife traveled by train, pullman accommodations, and bus to the Mayo Clinic for an operation; and the Taxpayer traveled by automobile to the Clinic after the operation and accompanied his convalescing wife on her return to Lawrenceburg. Thereafter, Taxpayer's wife made a final trip by plane to the Mayo Clinic where she was hospitalized. At the time of her discharge from the Clinic, her husband again traveled by automobile to bring her home. During these various trips, Taxpayer and his wife incurred a total expense for meals and lodging between Lawrenceburg and Rochester of $162.39.

The sole issue in the appeal is whether this $162.39 in expenses are deductible as expenses for "medical care" pursuant to Section 213 of the Internal Revenue Code of 1954.

The term "medical care" is defined under Section 213(e) (1) as amounts paid:

"(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)[1], * * *."

The Commissioner contends that moneys paid for food and lodging en route to a place of medication are "traveling" expenses in excess of the mere cost of "transporting" the person and baggage of the taxpayers to their place of destination. The Commissioner maintains that the use of the more narrow phrase "expenses for transportation," rather than "expenses * * * for traveling [to the place of medication]" indicates a plain intention to deny the deductibility of in-transit expenses for food and lodging. The Commissioner further contends that the cost of meals and lodging are "personal, living or family expenses" for which "no deduction shall be allowed, * * * [e]xcept as otherwise expressly provided." Internal Revenue Code, Section 262.

In response, the Taxpayer contends that "expenses * * * for transportation" includes, as the Tax Court held below, all expenses "required to bring the patient to the place of medication." 51 TC 410. Such expenses were deductible under the prior Internal Revenue Code of 1939, and the Tax Court found that the legislative history of the present Code, as well as the present Treasury Regulations, permit their continued deductibility. We agree.

Under the Internal Revenue Code of 1939, all food and lodging expenses of a patient on the way to the place of medication and at the place of medication were deductible. In Commissioner of Internal

---

1. Subparagraph (A) reads: "for the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body."

Revenue v. Bilder, 369 U.S. 499, 501, 82 S.Ct. 881, 8 L.Ed.2d 65 (1962), the United States Supreme Court denied the deductibility under the 1954 Code of lodging expenses at the place of medication. In doing so, it observed:

> "The Commissioner concedes that prior to the enactment of the Internal Revenue Code of 1954 rental payments of the sort made by the taxpayer were recognized as deductible medical expenses. This was because § 23(x) of the Internal Revenue Code of 1939, 26 U.S.C.A. 23(x) though expressly authorizing deductions only for 'amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease,' had been construed to include 'travel primarily for and essential to * * * the prevention or alleviation of a physical or mental defect or illness,' Treasury Regulations 111, § 29.-23(x)–1, and the cost of meals. and lodging during such travel, I.T. 3786, 1946–1 Cum.Bull. 76. *See*, e. g. Stringham v. Commissioner, 12 T.C. 580, aff'd, 183 F.2d 579; Rev.Rule 55–261, 1955–1 Cum.Bull. 307."

Unfortunately, the liberal provisions of the 1939 Code for deductibility of "travel" expenses led to very significant abuses. Taxpayers would travel on doctors' orders to resort areas for the alleviation of a specific ailment and deduct all of the costs of their food and lodging while on such medical vacations. The legislative history of the Internal Revenue Code of 1954 indicates a specific intent to eliminate the resort area medication abuse. Both the House and Senate Committee Reports on the 1954 Code discuss the deductibility of medical care expenses. They state:

> "The deduction permitted for 'transportation primarily for and essential to medical care' clarifies existing law in that it specifically *excludes deduction of any meals and lodging while away from home receiving medical treatment.* For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climate conditions which have proven injurious to the health of the taxpayer, and the travel is prescribed for reasons other than the general improvement of a patient's health, *the cost of the patient's transportation to Florida would be deductible but not his living expenses while there.* (Emphasis added) H.R. Rep. No. 1337, 83d Cong. 2nd Sess. A 60 (1954); S.Rep. No. 1622, 83d Cong., 2nd Sess. 219–220 (1954) U.S. Code Cong. & Admin. News, p. 4856."

The Treasury Department incorporated the substance of the above Reports in its Regulations interpreting Section 213.

The Regulations provide:

> "a deduction for 'transportation primarily for and essential to medical care' shall not include the cost of any meals and lodging *while away from home receiving medical treatment.* For example, if a doctor prescribes that a taxpayer go to a warm climate in order to alleviate a specific chronic ailment, the *cost of meals and lodging while there* would not be deductible." Treasury Regulation § 1.213–1(e) (iv).

It is apparent that the concern of Congress and the Treasury was to eliminate the abuse of "resort area" medication. Thus Congress eliminated the deductibility of food and lodging expenses at the actual place of medication.[2] Congress did not, however, eliminate the cost of transporting the patient to the place of medication.[3]

---

2. Of course, expenses of meals and lodging incurred "as part of a hospital bill" are deductible. House and Senate Reports, infra, n. 3. Income Tax Regulations 1.-213–1(e) (1) (iv) and (v).

3. As the House and Senate Reports state, the "cost of the patient's transportation to Florida would be deductible." HR Rep.No.1337, 83rd Congress, 2nd Sess. A60 (1954); S.Rep.No.1628, 83rd Cong.,

■ We believe that the legislative history and the accompanying regulations indicate a Congressional intent to maintain "existing law" with regard to the deduction of all costs required to transport the patient to the critical place of medication.

The abuse Congress sought to eliminate —the taking of ordinary living expenses "while there"—did not occur until after the patient arrived at the place of care. The effect of the regulations which deny deductibility for food and lodging expenses "while * * * receiving medical treatment" is to allow a deduction while traveling to the place of medical attention. If Congress had wished to exclude the costs for food and lodgings incurred in traveling to the place of medication, it could have so provided. The legislative history nowhere indicates an intention to exclude "all ordinary food and lodging expenses," nor does it limit transportation expenses "to the cost of transporting the patient and his baggage."

Food and lodging expenses incurred while traveling are likely to be substantially higher than the cost of living at home. We believe that Congress intended that these higher costs, required by the transportation of a patient to the place of medical care, are to be deductible expenses for medical care under Section 213 of the 1954 Code.

Finally, we are not unmindful of the opinions of the four dissenting judges on the Tax Court. They correctly indicate that the word "transportation" has historically been given a narrower meaning than "travel." The former word has generally been used to cover the costs of transporting the person and his baggage, while the latter has been used in conjunction with the allowance of such amenities as food and lodging. See Internal Revenue Code of 1954 §§ 62(2) (B) (C), 162(a) (2), 217(b) (1) (B) and 274(d) (1). Further, it is clear that in passing the 1954 Code, Congress intended to retreat somewhat from its prior liberal attitude towards medical expenses. This is indicated by the inclusion of Section 262 requiring that "personal, living or family expenses" shall not be deductible "except as otherwise expressly provided," and the present regulations which state "deductions for expenditures for medical care * * * will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness." Treasury Regulations § 1.-213–1(e) (1) (ii).

These two factors would be of great influence, but for our belief that the legislative history of Section 213(e) is clear in its import. Food and lodging expense while traveling to the place of medication and incurred prior to "receiving medical treatment" were to be maintained as deductible expenses. The use of the narrow term "transportation," rather than "travel" was indicative of Congress' intent to preclude food and lodging expenses after arrival at the place of medication. Cf. Commissioner v. Bilder, 369 U.S. 499, 82 S.Ct. 881 (1962). The phrase "expenses for traveling" might well have been construed to cover food and lodging expenses during periods of stay at the place of medical treatment; precisely the "abuse" Congress sought to eliminate by the 1954 Code.

We hold that the Taxpayer and his wife properly deducted under Section 213 food and lodging expenses required to bring them to the critical point of medical treatment. The judgment of the Tax Court is affirmed.

2nd Sess. 219–220 (1954). Similarly, if a patient required a professional ambulance service to transport him to the place of medication, that portion of the professional fee attributable to the food and lodging expenses of the driver would be a deductible transportation expense. The Treasury Regulations also provide that nurse's services, "including nurses' board" paid by the taxpayer, are a deductible expense. Treasury Regulations 1–213–1(e) (1) (ii).