Daniel S. W. KELLY and Constance L. Kelly, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 18407.

United States Court of Appeals, Seventh Circuit.

March 18, 1971.

Fairchild, Circuit Judge, dissented and filed opinion.

Richard R. Teschner and Harold P. Southerland, Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Wesley J. Filer, Lee A. Jackson, William Massar, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before FAIRCHILD and STEVENS, Circuit Judges, and GRANT, District Judge.*

STEVENS, Circuit Judge.

This is an appeal from the disallowance of an expenditure of $183.69 as a deduction for taxpayer's [1] medical care in 1963.

Taxpayer is an electrical engineer residing in Milwaukee. While in New York City on business on September 11, 1963, he suffered an attack of appendicitis and underwent immediate surgery at Polyclinic Hospital. Minor complications developed. He was not well enough to return to Milwaukee until October 5, 1963; he did not return to work until October 28, 1963.

The surgeon in New York, as well as the family physician in Milwaukee, advised taxpayer's wife to come to New York to assist with his nursing care. She arrived by train on September 13 and thereafter assisted, and in some cases supervised, the nurses who attended taxpayer at the hospital. She was not a registered nurse, but in a few days she learned to change his bandages, administer his medication, and otherwise provide him with required care.

On September 28, 1963, taxpayer was discharged from the Polyclinic Hospital because the surgeon told him that the

---

\*Judge Robert A. Grant, Chief Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

1. Constance L. Kelly is a party to this appeal solely because she and taxpayer, Daniel S. W. Kelly, her husband, filed a joint tax return for 1963.

hospital was in need of the room. Since his wound was still draining and he was too weak to move about without assistance, taxpayer was advised by his surgeon not to return to Milwaukee. He, therefore, stayed in a hotel room until the doctor decided that he was able to leave New York. When he left the hospital for the hotel, he required the assistance of his wife and a licensed practical nurse.

The expenditure of $183.69 represents the portion of the hotel bill covering food and lodging for taxpayer during the week between September 28, 1963, when he was discharged from the hospital, and October 5, 1963, when his doctor advised that he could safely return to Milwaukee.[2] During the week he visited his surgeon four times; except for those visits, he remained in his room. His wife changed his bandages, assisted him in walking and bathing, administered medication, periodically took his temperature, and provided him with the nursing services which he required. On one occasion his temperature rose, the hotel physican was called, and different medication was prescribed.[3]

The facts are undisputed. Taxpayer's condition, coupled with an overcrowded hospital's need for his room, was the reason for incurring the expense in dispute.

### I.

▬ The Commissioner assumes that the deduction would have been allowed under the Internal Revenue Code of 1939, but interprets the 1954 amendment to the definition of medical care, and the regulations promulgated thereunder, as requiring disallowance. He argues, in words, that "experience, not logic, is the basis of the law; and experience has led to Treasury Regulations § 1.213–1(e)(1) (v) * * *." In our view, it is more precise to state that a statutory amendment led to the adoption of the regulation. It is, therefore, appropriate to ascertain the purpose of the amendment as a guide to interpretation of its implementing regulations.

Section 23(x) of the 1939 Code allowed deductions for "amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease."[4] The section had been construed to cover travel expenses incurred primarily for the alleviation of illness, including the cost of meals and lodging during such travel.[5] Under this construction a taxpayer who was advised by his doctor to go to a warm climate to alleviate a chronic ailment was in a position to claim vacation costs as medical deductions. To avoid such abuses, the Treasury Department proposed a new definition of medical care. In Senate Finance Committee hearings, the Under Secretary explained that the new definition of medical care was intended to permit deduction of the cost of transportation necessary for health, but not the cost of ordinary living expenses incurred during such travel. He testified that the over-

2. The transportation expenses incurred by taxpayer's wife were disallowed by the Commissioner, but allowed by the Tax Court. On this appeal taxpayer concedes that her expenses for food and lodging in New York were properly excluded from the amount deducted for her transportation expense. *Cf.* Commissioner of Internal Revenue v. Bilder, 369 U.S. 499, 82 S.Ct. 881, 8 L.Ed.2d 65.

3. The charges for the hotel physician and the medication are not included in the disputed $183.69.

4. Section 23(x) was added to the Internal Revenue Code of 1939 by § 127(a) of the Revenue Act of 1942, 56 Stat. 825. It provided, in pertinent part:

"[In computing net income there shall be allowed as deductions] * * * expenses paid during the taxable year, not compensated for by insurance or otherwise for medical care of the taxpayer, his spouse, or a dependent * * * [of the taxpayer] * * *. The term 'medical care' as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance)."

5. See, *e. g.*, Stringham v. Commissioner of Internal Revenue, 12 T.C. 580, aff'd, 183 F.2d 579 (6th Cir. 1950) (per curiam).

all effect of the proposed changes would "liberalize and extend relief in real hardship situations due to heavy medical expense but curb deduction of ordinary or luxury living expenses in guise of medical costs." 1 Senate Hearings Before the Committee on Finance on the Internal Revenue Code of 1954, 83d Cong., 2d Sess. p. 103.

The amended definition of medical care which Congress enacted in 1954 included two parts.[6] Subparagraph (A) retained the exact language used in the 1939 Code. Subparagraph (B) was added to cover the cost of transportation incurred primarily for, and essential to, medical care. The legislative history plainly indicates that the new subparagraph was intended to apply to cases in which travel is prescribed by a doctor as essential. The costs of transportation during such travel are deductible, but the costs of meals and lodging at the destination are regarded as ordinary or luxury living expenses.[7] The amended definition of medical care was intended to prevent vacation costs from being disguised as medical expenses without denying "relief in real hardship situations due to heavy medical expense."

In this case, taxpayer does not claim that his hotel bill is deductible as a transportation cost covered by subparagraph (B). His transportation expenses were incurred for business reasons and were reimbursed by his employer. He relies solely on subparagraph (A), contending that the purpose of the 1954 amendment to the definition of medical care is inapplicable to the unusual circumstances which made it necessary for him to use a hotel as an interim place of convalescence. We believe he correctly interprets the legislative history and the Supreme Court decision in Commissioner of Internal Revenue v. Bilder, 369 U. S. 499, 82 S.Ct. 881, 8 L.Ed.2d 65.

In the *Bilder* case the taxpayer claimed a medical deduction for apartment rent during a winter in Florida. The majority of the Court of Appeals, in substance, held that deductions allowable under § 23(x) of the 1939 Code were also allowable under § 213(e) (1) (A) of the 1954 Code since the statutory language was identical. See Commissioner of Internal Revenue v. Bilder, 289 F.2d 291, 303 (3d Cir. 1961). In dissent, Judge Hastie relied on alternate grounds. First, he construed § 262 of the 1954 Code[8] as foreclosing the deductibility of any expense for meals and lodging unless expressly authorized by statute; he found no such authorization in § 213.

6. "(e) *Definitions.*—For purposes of this section—
(1) The term 'medical care' means amounts paid—
(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or
(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)." Int.Rev.Code of 1954 § 213(e) (1), 68A Stat. 70. This definition was in effect in 1963.

7. "The deduction permitted for 'transportation primarily for and essential to medical care' clarifies existing law in that it specifically excludes deduction of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climatic conditions which have proven injurious to the health of the taxpayer, and the travel is prescribed for reasons other than the general improvement of a patient's health, the cost of the patient's transportation to Florida would be deductible but not his living expenses while there. However, if a doctor prescribed an appendectomy and the taxpayer chose to go to Florida for the operation not even his transportation costs would be deductible. The subsection is not intended otherwise to change the existing definitions of medical care, to deny the cost of ordinary ambulance transportation nor to deny the cost of food or lodging provided as part of a hospital bill." H.R.Rep.No.1337, 83d Cong., 2d Sess. A60 (1954); S.Rep.No. 1622, 83d Cong., 2d Sess. 219–220 (1954), U.S.Code Cong. & Admin.News 1954, pp. 4197, 4856.

8. "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Int.Rev.Code of 1954 § 262.

Alternatively, he reasoned that the plain statement of legislative intent found in the Committee Reports required the same language to be construed more narrowly in the 1954 Code than in its predecessor. 289 F.2d at 308. The Supreme Court reversed the Court of Appeals, but it did not adopt Judge Hastie's first ground. See 369 U.S. at 504, note 5, 82 S.Ct. 881. Had it done so, even payments for food and lodging at a hospital might not be deductible because there is no "express" statutory language covering such living expenses. Instead, the Supreme Court rested its conclusion on an examination of the legislative history. Its holding thus gave recognition to the category of cases which the House and Senate Committee Reports plainly identified, namely, "transportation expenses for travel prescribed for health, and not the ordinary living expenses incurred *during such a trip*." (Emphasis added) H.R.Rep.No. 1337, 83d Cong., 2d Sess. 30 (1954), U.S.Code Cong. & Admin.News 1954, pp. 4055, 4666.

It is true, as the Commissioner points out, that the Committee Reports state that the amended definition "excludes deduction of any meals and lodging while away from home receiving medical treatment." H.R.Rep.No.1337, *supra*, at A60; S.Rep. No. 1622, 83d Cong., 2d Sess. 219 (1954), U.S.Code Cong. & Admin.News 1954, pp. 4197, 4856. However, the statute itself contains no such broad exclusion, and when the comment is read in context, it relates only to living expenses occasioned by a trip prescribed by a doctor. Abuses which the amendment was intended to correct related to such trips. There was not the slightest suggestion that the right to deduct medical costs attributable to a sudden illness while a taxpayer was away from home for business purposes had given rise to any abuses.

In *Bilder* the Supreme Court implemented a Congressional purpose to deal with a specific type of problem notwithstanding the failure of the statutory language adequately to describe that purpose. But that holding does not make it appropriate to take a sentence from the Committee Reports and read it as though it had the force of a statutory enactment. We agree with the Sixth Circuit that no absolute prohibition against the deductibility of any expenditures for meals and lodging while away from home should be added to the statutory language. See Montgomery v. Commissioner of Internal Revenue, 428 F.2d 243, 246 (6th Cir. 1970). In this case the record unambiguously demonstrates that the amounts claimed as a deduction were paid solely because the mitigation of taxpayer's illness required him to remain in New York; the payment was to a hotel rather than to a hospital because taxpayer was requested to surrender his room and temporarily convalesce in a substitute facility acceptable to his physician. The payment was for "medical care" within the meaning of § 213(e) (1) (A) of the 1954 Code.

## II.

The Commissioner contends that the pertinent Treasury Regulation requires disallowance of the deduction. Both parties recognize that the regulation defining transportation primarily for, and essential to, medical care is not controlling.[9] Instead, the Commissioner

---

9. Treasury Regulations § 1.213–1(e) (1) (iv) provides:

"Expenses paid for transportation primarily for and essential to the rendition of the medical care are expenses paid for medical care. However, an amount allowable as a deduction for 'transportation primarily for and essential to medical care' shall not include the cost of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a taxpayer go to a warm climate in order to alleviate a specific chronic ailment, the cost of meals and lodging while there would not be deductible. On the other hand, if the travel is undertaken merely for the general improvement of a taxpayer's health, neither the cost of transportation nor the cost of meals and lodging would be deductible. If a doctor prescribes an operation or other medical care, and the taxpayer chooses for purely personal considerations to travel to another locality

argues that (1) "the availability of medical care" was not "a principal reason for [taxpayer's] presence" in the hotel; and (2) the hotel cannot be considered "an institution other than a hospital" within the meaning of § 1.213-1(e) (1) (v).[10]

We consider the two arguments separately. First, as a matter of undisputed fact, taxpayer remained in New York because he required medical care before he could return to Milwaukee. The care which he needed—nursing services from his wife, medication, and a physician who could be visited or called on short notice—was available when he stayed at the hotel. True, he did not pay the hotel for these services, but they nevertheless constituted "medical care" as defined in the regulations.[11] His need for the availability of those services—regardless of whether or how he paid for them—was a principal reason (indeed, the only reason other than the overcrowding of the hospital) for his presence in the hotel.

■ But, it is argued, a hotel cannot be considered an "institution" because it

is not "regularly engaged in providing the type of care or services" outlined in the regulation. The regulation does clearly state that an establishment which is regularly so engaged shall be considered an institution, but it does not state that *only* such an establishment may ever be an "institution" within the meaning of the regulation. On the contrary, the primary test of deductibility "depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution)."

There is no dispute over the fact that taxpayer's condition, the nature of the services he required before he could travel home, and the hospital's need for his room, were the only reasons why he had to pay a hotel for food and lodging.[12] Under these circumstances the costs were necessarily incurred to have medical care available "in an institution other than a hospital."

A different interpretation would deny relief in a real hardship situation by clothing a true medical cost in the guise of a luxury living expense. Experience,

---

(such as a resort area) for the operation or the other medical care, neither the cost of transportation nor the cost of meals and lodging (except where paid as part of a hospital bill) is deductible."

10. The regulation, in pertinent part, provides:
"(v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expense for care in an institution other than a hospital shall constitute medical care is primarily a question of fact which depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution). A private establishment which is regularly engaged in providing the types of care or services outlined in this subdivision shall be considered an institution for purposes of the rules provided herein. In general, the following rules will be applied:
"(a) Where an individual is in an institution because his condition is such that the availability of medical care (as defined in subdivisions (i) and (ii) of this

subparagraph) in such institution is a principal reason for his presence there, and meals and lodging are furnished as a necessary incident to such care, the entire cost of medical care and meals and lodging at the institution, which are furnished while the individual requires continual medical care, shall constitute an expense for medical care. * * *" Treas.Regs. § 1.213-1(e) (1) (v).

11. Treasury Regulations § 1.213-1(e) (1) (i) & (ii), in pertinent part, provides:
"(e) Definitions—(1) General. (i) The term 'medical care' includes the diagnosis, cure, mitigation, treatment, or prevention of disease. * * *
"(ii) * * * Thus, payments for the following are payments for medical care: hospital services, nursing services. * * *"

12. The Commissioner has argued that we may not reverse without setting aside the Tax Court's findings of fact. However, we accept the facts as stated by that Court but disagree with its interpretation of the law. *Cf.* Gerstacker v. Commissioner of Internal Revenue, 414 F.2d 448, 452-453 (6th Cir. 1969).

**312**

as well as logic, teaches that the regulation should be read in historical context.

The judgment is reversed.

FAIRCHILD, Circuit Judge (dissenting).

I respectfully dissent. Congress has surely denied deduction for some expenses of meals and lodging away from home even though incurred as an incident of obtaining medical care as defined in 26 U.S.C. § 213(e) (1) (A). The regulation, § 1.213–1(e) (1) (v) draws the line by including as deductible those which are included in the cost of care in a hospital or other institution regularly furnishing related types of care or services. The hotel in the case before us provided no care, but ordinary hotel service, and the amount paid to it for meals and lodging does not seem to me to qualify under the regulation. The regulation, does not, in my opinion, exceed the appropriate bounds of administrative interpretation of the statute.