HELEN KELLNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kellner v. Commissioner
Docket Nos. 5830-76, 5832-76
United States Tax Court
T.C. Memo 1979-116; 1979 Tax Ct. Memo LEXIS 407; 38 T.C.M. (CCH) 534; T.C.M. (RIA) 79116; March 29, 1979, Filed Helen Kellner, pro se. Harvey S. Sander, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined deficiencies in petitioner's Federal income tax as follows: Year
Deficiency
1972
$1,631.78
1973
1,208.41
1974
1,453.86
Due to concessions by the parties, the issues remaining for our decision are: 1. Whether respondent improperly disallowed certain business expenses petitioner claimed in 1972 and 1974. 2. Whether respondent improperly disallowed a portion of petitioner's charitable contributions in 1972 and 1973.
3. *408 Whether respondent improperly disallowed a portion of petitioner's deductions claimed for state sales taxes in 1972 and 1974. 4. Whether respondent improperly disallowed a portion of petitioner's claim for medical expenses in 1972, 1973, and 1974. FINDINGS OF FACT Petitioner's legal residence at the time she filed her petitions in this Court was 30 West 90th Street, New York, New York. Petitioner filed timely Federal individual income tax returns for 1972, 1973, and 1974 on a calendar year basis. During the years 1972, 1973, and 1974, petitioner was employed by the New York City Board of Education as an art teacher in Public School 11 in the Borough of Manhattan. Petitioner occupied a small apartment, and made extensive use of her apartment to plan and prepare lessons, mark papers, make exhibits, draw pictures, prepare stories, make costumes, and prepare artwork and projects for her children in connection with her art classes.In view of the nature of the projects involved, petitioner used all of the rooms in her small apartment on a part-time basis, including the kitchen and the bathroom. Petitioner suffered from a variety of illnesses during the years in question, *409 including hay fever. Some of these ailments antedated the years in question. In order to avoid problems with some of her illnesses, including hay fever, petitioner traveled away from her home at various times during the year, including trips to the Hamptons on Long Island in August and to Florida during certain times of the winter. Petitioner claimed medical deductions in connection with these trips for the cost of transportation and hotels. Petitioner did not, on the trips in question, deduct the cost of food consumed.However, in the years before the Court, petitioner did deduct substantial amounts for food that she contends was necessitated by a special diet. During 1972 and 1973 petitioner made various charitable contributions. Respondent allowed those contributions for which there was documentation and also allowed an additional amount based on reasonable estimates. Any further contributions were disallowed. Petitioner claimed a variety of business expenses in 1972, 1973, and 1974. These expenses included a deduction for an office in the home. Additionally, they encompass a group of miscellaneous items, including: protective clothing, magazines, newspapers, journals, *410 and periodicals; expenses for costumes, scenery, gifts, candy, and parties; and Spanish lessons. Respondent allowed home office expenses in 1973 and 1974. However, respondent disallowed any amount in excess of $595 for home office expenses in 1974, and disallowed all home office expenses in 1972. Additionally, aside from those miscellaneous business expenses for which documentation was provided, respondent disallowed all items beyond a reasonable estimate.The deduction for Spanish lessons was disallowed in its entirety. OPINION 1. Business Expenses
Petitioner made extensive use of her small apartment for business purposes, and under the particular circumstances of this case, this use was both necessary and helpful. Respondent allowed over $500 for 1973 and 1974 for home office expenses, and petitioner's activities were essentially the same in 1972 as the two later years. The dispute is largely one of substantiation rather than whether petitioner has demonstrated substantial business usage and other necessary business relationships for 1972. While petitioner's records are not as specific as desired, we believe it is appropriate to allow her the $382.25 that petitioner *411 claimed for home office expenses in 1972. However, the remainder of the business expenses present a different question. Respondent made every effort to be reasonable including providing petitioner an allowance based on reasonable estimates and her oral statements over and above the specific documentation that she provided. We believe that she must bear the consequences of any inexactitude because of the lack of specific records. Additionally, some of the claims are clearly not allowable, such as the Spanish lessons which bear only a remote connection, if any, with her trade or business. 2. Charitable Contributions
In 1972 petitioner claimed $313 as itemized expenses for charitable contributions. Of this amount $150 was allowed based on reasonable estimates and petitioner's oral statements, and the balance of $163 was disallowed. Petitioner claimed $350 as itemized expenses for charitable contributions in 1973. Respondent allowed $250 of this amount on the basis of reasonable estimates and petitioner's oral statements, and disallowed the balance of $100. Petitioner's testimony on this issue was very vague. She indicated that most of the charitable contributions were *412 "made out of hand," that she just gave "somebody $5 and $10." We believe that a good deal more specificity is required in the way of record keeping for the allowance of charitable contributions. Under the circumstances before us, respondent's actions were reasonable. 3. Taxes
Petitioner claimed deductions for sales taxes, largely attributable to food consumed in restaurants in 1972 and 1974 in excess of those allowed by respondent. Respondent allowed petitioner an amount based on the tax tables that are appropriate for her adjusted gross income level. [1]
Petitioner indicated that she ate out a great deal, and that the groceries that she purchased were subject to tax. However, petitioner has no separate receipts or records that would justify an allowance for sales taxes over and above those allowed by the tables. And to the extent items are taxable, they are allowed for in the tax tables. A part of the problem arising in *413 the instant case concerns petitioner's misunderstanding of the documentation that is required.All taxpayers have a duty to maintain records to substantiate their returns. Section 1.6001-1(a) and (e), Income Tax Regs. Petitioner has the burden of proving that she is entitled to those deductions. Welch v. Helvering,290 U.S. 111 (1933). Petitioner's estimates as to sales taxes on food and groceries were made by estimating "how much money I've spent on food and there's a tax on that." However, when pressed for details about the basis of her estimates, petitioner suggested that it was "enough to claim that I am alive and therefore I eat." This is plainly not the law, and petitioner should be well aware of that as a result of her two prior appearances before this Court involving similar issues. Kellner v. Commissioner,553 F. 2d 93 (2d Cir. 1977), affg. without published opinion a Memorandum Opinion of this Court; Kellner v. Commissioner,468 F. 2d 627 (2d Cir. 1972), affg. a Memorandum Opinion of this Court. 4. Medical
Petitioner had extensive medical expenses in 1972, 1973, and 1974, and significant amounts were allowed *414 based on documentation provided to respondent. As a result of further documentation at trial, respondent conceded additional amounts. The principal amounts remaining in issue relate to petitioner's claim for medical expenses associated with her trips to Long Island and Florida, and also for special foods. Petitioner's trips, particularly those to Long Island and Florida, appeared to have been primarily motivated by a desire for a vacation rather than by medical necessities. In any event, the cost of transportation and lodging in connection with these trips is clearly not allowable under the law. Section 213; [2]section 1.213-1(e)(1)(iv) Income Tax Regs.Commissioner v. Bilder,369 U.S. 499 (1962). The incremental costs of a special diet over a normal diet may be deductible under very special circumstances where an appropriate record is made. See Cohn v. Commissioner,38 T.C. 387 (1962) and Randolph v. Commissioner,67 T.C. 481 (1976). However, this is not the appropriate record, *415 for in any event, petitioner has not demonstrated that a special diet was medically necessary or what portion of the special diet was incremental to a normal diet. She indicated that she ate foods rich in vitamins, such as parsley, and that her diet was undertaken because she felt she had a predisposition to sugar diabetes. There is nothing in this record to indicate that her diet varied from that which would be generally followed by any other person concerned about consuming healthy foods. Finally, petitioner has a variety of claims for miscellaneous items, including foot powders and special shoes. The medical necessity of these items has not been demonstrated with sufficient clarity, and in particular, the costs of these items has not been substantiated but is based principally on general estimates. Often, the dispute concerning substantiation involves duplicate items that respondent, after examining petitioner's records, has disallowed. We believe, after careful review of all of the evidence in the record and an evaluation of petitioner's testimony, that medical expenses that petitioner has substantiated that are properly allowable under the law have been allowed petitioner. *416 Decisions will be entered under Rule 155.
Footnotes
1. In 1974 respondent also disallowed $101.90 of the $1,384.06 deduction for state and local income taxes that petitioner claimed. However, at the trial petitioner conceded that this disallowance was appropriate, and it is no longer in issue.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩