RICHARD L. LANNING, JR., AND ANDREA W. LANNING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lanning v. Commissioner
Docket No. 6412-78.
United States Tax Court
T.C. Memo 1979-227; 1979 Tax Ct. Memo LEXIS 299; 38 T.C.M. (CCH) 912; T.C.M. (RIA) 79227; June 11, 1979, Filed Richard L. Lanning, Jr., pro se. Alan H. Kaufman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for 1976 in the amount of $1,524. Some of the adjustments made by respondent have been stipulated. The issues for decision are whether petitioners are entitled to deductions for (a) moving expenses in the amount of $3,448.84, and (b) medical expenses in the amount of $725. FINDINGS OF FACT Most of the facts were stipulated and are found as stipulated. At the time of filing their petition in this case petitioners resided in Metairie, La. They filed a joint income tax return for 1976. Prior to 1976, petitioner Richard L. Lanning *301 (hereinafter Richard) had been in the retail automobile business. In February 1976, petitioners moved from Baton Rouge, La., to Beaumont, Tex., where Richard was employed by Coleman-Bernard Oldsmobile-Cadallic, Inc., during the months of February, March, and April 1976. Richard's employer paid for petitioners' move from Baton Rouge to Beaumont. The amount of $163.29 claimed by petitioners as moving expenses for this move was allowed by respondent as employee business expense. In May 1976, petitioners moved from Beaumont, Tex., to Metairie, La., where Richard was employed by Metairie Ford during the months of May, June, and July 1976. Petitioners incurred expenses of $1,180.55 in moving from Beaumont to Metairie. Metairie Ford was at least 50 miles further from petitioners' residence in Beaumont than was Coleman-Bernard Oldsmobile-Cadillac, Inc. Richard's employer initially paid for most of petitioners' moving expenses for this move, but when Richard terminated his employment after working only 3 months, Metairie Ford withheld $1,000 from Richard's pay as reimbursement for those moving expenses. In August 1976, petitioners moved from Metairie, La., to Fort Walton, Fla., *302 where Richard was employed by GarySmith Ford during the months of August, September, and October 1976. Petitioners incurred expenses of $993 in moving from Metairie to Fort Walton. Fort Walton was at least 50 miles further from petitioners residence in Metairie than was Metairie Ford. Gary-Smith Ford initially paid for most of petitioners' moving expenses for this move. But when Richard terminated his employment after working only 3 months, Gary-Smith Ford withheld $750 from Richard's pay as reimbursement for those moving expenses. In November 1976, petitioners moved from Fort Walton to Baton Rouge, La. They incurred moving expenses of $1,180.92 for this move. Richard did not secure employment in Baton Rouge before moving again in early 1977. At the time of trial in May 1979, Richard had for some time been gainfully employed in the retail automobile business in Metairie, La.
During 1976 Richard's daughter, Lisa Lanning, was placed in a foster home. During 1976 Richard paid Jo Ann Wigwert, Lisa's foster parent, $725. The payments were for Lisa's room and board. OPINION Moving expenses are generally nondeductible personal living expenses under section 262, I.R.C. *303 1954. However, section 217 of the Code provides a deduction for moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work, provided the conditions set forth in section 217(c) are met. Those conditions, relevant here and in effect for the year 1976 were: (1) the taxpayer's new principal place of work-- (A) is at least 50 miles farther from his former residence than was his former principal place of work, and * * *
(2) either-- (A) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks, or (B) during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee or performs services as a self-employed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period referred to in subparagraph (A) Section 217(d) *304 provides certain exceptions to the conditions of subsection (c)(2) if the taxpayer is unable to satisfy such conditions for reasons set out therein, none of which are applicable here. Petitioners have been allowed their unreimbursed expenses incurred in their first move in 1976, from Baton Rouge to Beaumont, as employee business expenses, so they are not in issue. Although petitioners met the conditions of section 217(c)(1) with regard to all their moves, they did not satisfy the conditions of section 217(c)(2) with respect to any of their moves in 1976. Richard was neither a full-time employee nor a self-employed individual on a full-time basis, in the general location of his new principal place of work, for 39 weeks. With regard to the final move from Fort Walton to Baton Rouge, Richard never commenced work in Baton Rouge. Consequently, respondent's disallowance of the moving expense deduction must be sustained. Section 213(a) allows (subject to certain limitations) a deduction for expenses paid for medical care. Section 213(e) provides, in pertinent part, that-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or *305 prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), * * *. The purpose of section 213(e)(1) is "to deny deductions for all personal or living expenses incidental to medical treatment other than the cost of transportation of the patient alone." Commissioner v. Bilder,369 U.S. 499, 501-2 (1962). The cost of meals and lodgings are personal living expenses and are not deductible as medical expenses unless they are incident to the expense of keeping an individual in an institution for the principal reason of making available to that individual medical care provided by the institution. Sec. 1.213-1(e)(1)(v)(a), Income Tax Regs. Such is not the case here and petitioners' payments to the foster parent of Lisa are not deductible as medical expenses. Petitioners had the burden of proving that respondent erred in disallowing the foregoing deductions. The only evidence offered, in addition to the stipulation of facts, was the testimony of Richard which dealt primarily with why he made the various moves he made in 1976 and *306 the fact that petitioners had had problems with Lisa since childhood. This testimony was of no benefit to petitioners' cause and for the most part was irrelevant, and we believe this was made clear to Richard during the trial. Petitioners did not elect to file a brief or memorandum of law so we cannot be sure what their arguments in support of the deductions might be. However, we believe they would be more equitable than legal, and this Court has no equity jurisdiction. The Hays Corporation v. Commissioner,40 T.C. 436, 442-3 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Petitioners will have to be satisfied with having had their day in Court. Decision will be entered under Rule 155.