FRANK RYBAK and VERDA RYBAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rybak v. Commissioner
Docket No. 2302-78.
United States Tax Court
T.C. Memo 1980-257; 1980 Tax Ct. Memo LEXIS 328; 40 T.C.M. (CCH) 688; T.C.M. (RIA) 80257; July 17, 1980, Filed Frank Rybak, pro se. Martha E. Rist, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: [1] Respondent determined a deficiency of $326.48 in petitioners' Federal income tax for 1975. The issues for our decision are (1) whether petitioners' meal and lodging expenses incurred at motels near the Gonstead Chiropractic Clinic are deductible, under section 213, [2] as a medical expense and (2) whether petitioners are entitled to a deduction, under section 170, for charitable contributions greater than the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. At the time they filed their petition, petitioners resided at St. Paul, Minnesota. Petitioners, cash basis taxpayers, *330 timely filed a joint Federal income tax return for 1975. During 1975 Frank Rybak (hereinafter Frank) was treated for mucous colitis, a chronic ailment, at the Gonstead Chiropractic Clinic (hereinafter Clinic), Mount Horeb, Wisconsin. Frank was referred to the Clinic by his local chiropractor in St. Paul. Because the Clinic had no lodging facilities, petitioners stayed at three nearby motels, especially at the motel adjoining the Clinic, while Frank underwent treatment. These motels were ordinary motels and lacked medical or therapeutic equipment or service. Petitioners paid a total of $1,098 for meals and lodging while Frank was an outpatient at the Clinic. Petitioners ordered their meals from regular restaurant menus according to the preferences suggested by Frank's doctor. Frank also took vitamins as part of his recommended diet. On their 1975 return, in addition, petitioners claimed a deduction of $1,092 for cash charitable contributions. Respondent allowed them a deduction of $877 as follows: $770 to Polish Slavic Church, $57 to the United Fund, and $50 as loose cash offerings and miscellaneous charitable contributions. Respondent disallowed the deduction to the extent *331 of $215, disallowing $140 as miscellaneous contributions and $75 as loose cash offerings. Frank was pastoring at the Polish Baptist Church and gave loose cash offerings there and at churches petitioners stopped at while traveling to the Clinic. The miscellaneous contributions consist of gratuities petitioners left at restaurants and money Verda Rybak (hereinafter Verda) gave at work to the union which collects for flowers, and the like, for fellow workers in order to mark certain occasions. Petitioners have no records to substantiate the disallowed charitable contributions. Petitioners, who did not submit a brief, contend in their petition that they should be allowed to take their meal and lodging expenses incurred while Frank received treatments at the Clinic since the law discriminates against the sick who must pay expenses not normally incurred if the taxpayer were well. They state that they had to lose work when Frank was sick and Verda had to care for him. Respondent, on the other hand, argues that the cost of meals and lodging while away from home receiving medical treatment is not an allowable medical deduction pursuant to section 213(e) and section 1.213-1(e)(1)(ii), *332 Income Tax Regs. Additionally, with respect to the $215 disallowed for charitable contributions, respondent maintains that petitioners offered no documentation, as required by section 170(a)(1) and section 1.170A-1(a)(2)(iii), Income Tax Regs., to substantiate the claimed contributions. Moreover, respondent contends that $140 of the disputed amount was allegedly paid for gifts to or for the use of individuals not included within the scope of section 170(c). OPINION Respondent's determination of a deficiency is presumptively correct. Petitioners have the burden of proving such determination is wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Deductions are a matter of legislative grace; petitioners must prove that they are entitled to a deduction under the terms of the applicable statute. Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Section 213(a) allows a deduction for certain medical care expenses not compensated by insurance or otherwise. Section 213(e)(1)(B) defines "medical care" to include *333 amounts paid for transportation primarily for and essential to medical care. "Medical care" does not include the cost of meals and lodging while receiving medical treatment away from home. Section 1.213-1(e)(1)(iv), Income Tax Regs. The Supreme Court has interpreted section 213(e)(1)(B) to preclude medical deductions for meals and lodging which are not part of a hospital bill. Commissioner v. Bilder, 369 U.S. 499 (1962). See Montgomery v. Commissioner, 428 F.2d 243 (6th Cir. 1970); Carasso v. Commissioner, 292 F.2d 367 (2d Cir. 1961), affirming 34 T.C. 1139 (1960); Greer v. Commissioner,70 T.C. 294, 305 (1978). [3]
Therefore, Frank is not entitled to a deduction for meal and lodging expenses while he received treatment at the Clinic. Although Frank was on a diet prescribed by his doctor, he ordered his meals from a regular restaurant menu and did not show, as required for a deduction, that he thereby *334 increased his meal costs. See Randolph v. Commissioner, 67 T.C. 481 (1976). Similarly, Verda may not deduct the cost of food or lodging while accompanying Frank on his trips to the Clinic. See Rose v. Commissioner, 52 T.C. 521 (1969), affd. per curiam 435 F.2d 149 (5th Cir. 1970). Section 170(a) and section 1.170A-1, Income Tax Regs., require verification of contributions to qualify as deductions under section 170. Frank stated that petitioners made loose cash offerings at the Polish Baptist Church and at churches they stopped at while traveling to the Clinic. Respondent allowed them a deduction of $50 for loose cash offerings and we find that petitioners have not shown they are entitled to a greater amount. The contributions that Verda made to her union to purchase flowers or gifts to mark occasions of her fellow employees as well as gratuities petitioners paid at restaurants do not fall within the scope of section 170(c). The amount claimed by petitioners as miscellaneous deductions are, therefore, not allowed. Decision will be entered for the respondent. Footnotes
1. This case was heard by Judge William H. Quealy. Due to Judge Quealy↩'s resignation from the Court, the case was reassigned. 2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
3. See also Kellner v. Commissioner, T.C. Memo. 1979-116; Wilks v. Commissioner, T.C. Memo. 1968-220; Lucas v. Commissioner, T.C. Memo. 1966-253↩.