**UNITED STATES of America,
Plaintiff,**

v.

**Henry P. GIBBONS, Defendant.**

**Crim. A. No. 2114.**

United States District Court,
D. Delaware.

Sept. 24, 1971.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for plaintiff.

Joseph J. Longobardi, Jr., of Longobardi & Schwartz, Wilmington, Del., for defendant.

## OPINION

LAYTON, Judge.

Defendant, Henry P. Gibbons, stands charged under T. 18 U.S.C. § 2232.[1] He has moved to dismiss the information, quash the search warrant and suppress all evidence. The motion will be denied.

This charge arose out of a search conducted by F.B.I. agents. On January 13, 1971, the agents obtained search warrants to search both the person and home of the defendant for the purpose of obtaining evidence in connection with a suspected interstate gambling operation. After breaking into a heavily barricaded room where defendant was located, the agents found gambling paraphernalia and saw him ingesting pieces of paper reasonably assumed to represent additional evidence of gambling. Defendant, refusing to cease eating the paper, was forcibly restrained. These actions form the basis for the charge in this case.

One of the three grounds for the motion is that the warrant or warrants were defective. This argument is based upon a misconception. The warrants were issued for the purpose of obtaining evidence of interstate gambling. The charge here is a violation of T. 18 U.S.C. § 2232—destroying evidence to prevent seizure. In a very similar case,[2] the facts were that law enforcement officers armed with a search warrant entered a premise and found defendant flushing evidence (baseball line sheets) down the toilet. The evidence was retrieved and defendant, as here, moved to suppress the

---

1. 18 U.S.C. § 2232

Whoever, before, during, or after seizure of any property by any person authorized to make searches and seizures, in order to prevent the seizure or securing of goods, wares, or merchandise by such person, staves, breaks, throws overboard, destroys, or removes the same, shall be fined not more than $2,000 or imprisoned not more than one year, or both.

2. United States v. Ferrone, 438 F.2d 381, cert. denied, 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430.

evidence upon the ground that the search warrant was defective. The Third Circuit Court in dismissing the motion held:

"Society * * * has an especially strong interest in minimizing the use of violent self-help in the resolution of * * * disputes. We think a proper accommodation of those interests requires that a person claiming to be aggrieved by a search conducted by a peace officer pursuant to an allegedly invalid warrant test that claim in a court of law and not forcibly resist the execution of the warrant at the place of search. The development of legal safeguards * * * has provided the victim of an unlawful search with realistic and orderly legal alternatives to physical resistance." [3]

See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

No further discussion is required on this point.

■■ A more interesting argument concerns the constitutionality of Section 2232 which forms the basis of the information filed in this case. It is contended that the words "before * * * seizure" are too indefinite to delineate precisely the period of time within which the crime of destruction of evidence may occur, with the result that the statute is impermissibly vague. Or otherwise stated, the duty imposed by it [statute] must be prescribed in terms definite enough to serve as a guide to those who have the duty imposed upon them. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).[4] While the acts charged here do not relate to the precise contention (the evidence at bar having been seized "during", not "before", seizure) there is, nevertheless, a complete answer. An accepted rule of statutory construction requires that the

challenged language be interpreted in the light either of its usual meaning or of other language of the statute. Here the time element intended by the word "before" is to be found in the key words "authorized to make searches." There are but two ways by which law enforcement officers may conduct valid searches and seizures, one based upon a search warrant issued upon probable cause, and the other where the officer has strong suspicion that defendant has committed a crime under circumstances where if time were taken to obtain a search warrant, the evidence might be destroyed or otherwise lost. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. DeBose, 410 F.2d 1273 (6th Cir. 1969); Dorman v. United States, 435 F.2d 385 (D.C.Cir.1970); Vance v. North Carolina, 432 F.2d 984 (4th Cir. 1970). Obviously, then, the statute purports to make it a crime to destroy evidence after the issuance of a search warrant or the commencement of "hot pursuit" by an officer who reasonably believes a crime has been committed and evidence is in danger of being destroyed.

■ Nevertheless, argues the defendant, suppose that a person destroyed evidence at a point where he had no knowledge of the existence of the issuance of a warrant or of "hot pursuit" by the law? Under such circumstances, he contends, the statute is still unconstitutionally vague. The short answer to this argument is that in order to obtain a conviction under Section 2232, a jury must find an intent to do the act charged. Intent carries with it the element of scienter, so that the Section must be interpreted as making it a crime to destroy property or evidence with the knowledge that there is an outstanding search warrant or the existence of "hot pursuit." Thus construed, the statute meets the

---

3. *Ferrone*, 438 F.2d at 390.

4. See also, United States v. C.I.O., 335 U.S. 106, 68 S.Ct. 1349, 92 L.Ed. 1849 (1947); Scales v. United States, 367 U.S.

203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961); C.I.R. v. Bilder, 289 F.2d 291 (3rd Cir. 1961), rev. on other grounds, 369 U.S. 499, 82 S.Ct. 881, 8 L.Ed.2d 65 (1962).

requirements of United States v. Harriss, supra, and is not unconstitutionally vague.

There is a third argument to the effect that the information is defective in that it fails clearly to inform defendant of the nature of the charge. This stereotype objection does not warrant reply. Compare United States v. Borland, 309 F.Supp. 280, 286 (D.C.Del. 1970); United States v. Manetti, 323 F. Supp. 683, 689 (D.C.Del.1971); Spinelli v. United States, 382 F.2d 871 (8th Cir. 1967), reversed on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

Defendant's motion is denied. Submit order.