**UNITED STATES of America**
**v.**
**Henry P. GIBBONS, Appellant.**
**No. 72–1217.**

United States Court of Appeals,
Third Circuit.

Argued June 8, 1972.

Decided June 28, 1972.

Joseph J. Longobardi, Jr., Longobardi & Schwartz, Wilmington, Del., for appellant.

Richard D. Levin, U. S. Atty., Wilmington, Del., for appellee.

Before HASTIE, GIBBONS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted of a violation of 18 U.S.C. § 2232 which provides:

"Whoever, before, during, or after seizure of any property by any person authorized to make searches and seizures, in order to prevent the seizure or securing of any goods, wares, or merchandise by such person, staves, breaks, throws overboard, destroys, or removes the same, shall be fined not more than $2,000 or imprisoned not more than one year, or both."

The incident giving rise to the information on which he was tried took place during a search by federal agents executing a search warrant. Appellant was observed tearing papers and stuffing the shredded pieces into his mouth. Appellant raises these questions:

1. That 18 U.S.C. § 2232 is void for vagueness because of the language "before, during, or after seizure," and the words "goods, wares, or merchandise."

■■ The statute is not vague. It is merely all inclusive. Any destruction at any time to prevent a lawful seizure is prohibited. No one is left in doubt as to what may not be done.

2. That the information, in the language of the statute, is unduly vague because it doesn't specify the nature of the "goods" which were destroyed.

■ The information identifies the time and place of the offense and the elements of the offense. It will protect the appellant from being placed in jeopardy for any destruction of goods which took place at that time and place. It is sufficient. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932); United States v. Kenny, 462 F.2d 1205 (3d Cir. 1972).

3. That in the execution of the search warrant the officers did not comply with the strictures of 18 U.S.C. § 3109, and the resulting evidence should have been suppressed. See Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

The record reveals that there was compliance with 18 U.S.C. § 3109. This being the case we need not reach the issue whether unlawful execution of a valid warrant can, by virtue of a suppression motion, afford a defense to the resort to self help permitted by § 3109. Cf. United States v. Ferrone, 438 F.2d 381 (3d Cir.), cert. denied, 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430 (1971).

4. That the evidence was insufficient to support a conviction.

This was a non-jury trial. Whether judged by a clearly erroneous standard, or looked at in the light most favorable to the Government, the evidence was sufficient to sustain the trial court's finding of guilty. See United States v. Delerme, 457 F.2d 156 (3d Cir. 1972).

The judgment of the district court [1] will be affirmed.

1. The District Court opinion on pretrial motions is reported. United States v. Gibbons, 331 F.Supp. 970 (D.Del.1971).