Lawrence Prem and Hedy Prem v. Commissioner.
Prem v. Commissioner
Docket No. 92266.
United States Tax Court
T.C. Memo 1962-157; 1962 Tax Ct. Memo LEXIS 156; 21 T.C.M. (CCH) 873; T.C.M. (RIA) 62157; June 26, 1962
*156 Lawrence Prem and Hedy Prem, pro se, 19313 Collier St., Tarzana, Calif. Robert L. Gnaizda, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of $654.94 for the year 1959. The only question for decision is whether certain claimed expenses were properly deductible by petitioners as medical expenses. All of the facts are stipulated and are so found. Those pertinent to the decision herein are as follows: Lawrence and Hedy Prem are husband and wife; they filed a timely joint cash basis income tax return for the year 1959 with the district director of internal revenue, Los Angeles, California. Petitioners resided in Silver Spring, Maryland until June 1959. In June 1959 Hedy Prem, along with her husband and their two minor children left Silver Spring, Maryland, in order to reside in Southern California. For many years prior to her June 1959 departure from Maryland, Hedy Prem had been afflicted with an illness the amelioration of which could not be expected under the climatic conditions prevalent in Maryland. Upon medical advice and for specific health reasons Hedy Prem and her immediate *157 family - consisting of her husband and their two minor children - moved to Southern California, an area with a climate more beneficial to her health. The members of Hedy Prem's immediate family did not move for specific or general health reasons nor did they provide any medical assistance to her. Hedy Prem and her immediate family still reside in Southern California as of March 1, 1962. Due to Hedy Prem's illness, her husband, a senior research engineer, sought to obtain employment with a new employer in Southern California. In quest of this employment Lawrence Prem incurred $395.87 in pre-employment interview expenses, and was reimbursed for these expenses by this new employer that interviewed him in Southern California for a position in Southern California. Lawrence Prem accepted an engineering job with this new employer prior to his departure with his family from Maryland in June 1959. In June 1959 Hedy Prem and her immediate family traveled by auto from Maryland to Southern California. The route traveled was not a direct one as it followed a scenic route that permitted them to visit Yellowstone Park and other scenic points of interest. The cost of this trip for all four *158 Prems was in the total amount $430of. The portion allocable for Hedy Prem's expenses was $175. The petitioners shipped their entire family's household effects from Maryland to Southern California; the cost was $1,647.68. The petitioners were reimbursed by Lawrence Prem's new employer in the full amount of the cost of shipping the entire family's household effects, and were also reimbursed by the new employer for $343.98 in travel costs. The $343.98 for travel costs reflected the expected cost of two one-way adult air fares from Maryland to California. The Commissioner concedes that $175 in travel expenses was directly attributable to Hedy Prem's travel and was properly deductible as a medical expense. It is stipulated that the only issues in dispute are: (a) Under the circumstances prevailing in this case, was the $395.87 in pre-employment interview expenses a proper medical expense of the petitioners; (b) Were the moving expenses of the entire Prem family of four in the amount of $1,647.68 a medical expense of the petitioners; and (c) Was any part of the $430 of traveling expenses of the Prem family of four - other than the $175 which was attributable to Hedy Prem's travel *159 costs - a medical expense of the petitioners? The Commissioner's position is that none of the foregoing expenses, except for Hedy's own transportation is properly allowable as medical expenses and that they are unallowable "family, personal and living expenses." We agree with the Commissioner. Concededly, some of the expenditures can be considered as having some incidental connection with Hedy's health, but they certainly are not amounts paid "(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease" or "(B) for transportation primarily for and essential to medical care" as those terms are used in section 213(e)(1), I.R.C. 1954. That this section is to be narrowly construed is abundantly clear from the decision of the Supreme Court in Commissioner v. Bilder, 369 U.S. 499, which dealt with expenses analogous to those here involved. There the Court said: The Commissioner maintains, however, that it was the purpose of Congress, in enacting § 213(e)(1)(A) of the 1954 Code, albeit in language identical to that used in § 23(x) of the 1939 Code * * * to deny deductions for all personal or living expenses incidental to medical *160 treatment other than the cost of transportation of the patient alone, that exception having been expressly added by subdivision (B) to the definition of "medical care" in § 213(e)(1) * * * We consider the Commissioner's position unassailable in light of the congressional purpose explicitly revealed in the House and Senate Committee Reports on the bill. * * *
Congress' purpose to exclude such expenses as medical expenses under the new bill [the Internal Revenue Code of 1954] is unmistakable * * * We hold the expenditures in question are not deductible as medical expenses. Decision will be entered under Rule 50.