LUKE W. FINLAY, JR. and SUSAN W. FINLAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finlay v. Commissioner
Docket No. 21766-81.
United States Tax Court
T.C. Memo 1982-333; 1982 Tax Ct. Memo LEXIS 408; 44 T.C.M. (CCH) 123; T.C.M. (RIA) 82333; June 16, 1982. Luke W. Finlay, Jr., pro se. Carolyn M. Parr, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *409 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1977 in the amount of $318. The only question for decision is whether the petitioners are entitled to a deduction for medical expenses in the amount of $1,352.32, or in any amount, for the expense incurred in moving from one house to another, during the year 1977, under section 213. The petitioners filed a timely, joint Federal income tax return for the year 1977. At the time the petition herein was filed, they resided at 250 Holly Ridge Circle, Arnold, Maryland. Some of the facts in this case were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Because of stress, aggravated to a significant degree by the noise of planes flying into and out of Washington National Airport, petitioner Susan W. Finlay (hereinafter referred to as Mrs. Finaly) had a nervous breakdown of such severity that she had to be hospitalized in the mental wing of Georgetown University Hospital, under intensive psychiatric care. At the time of Mrs. Finlay's hospitalization, petitioners *410 lived in Bethesda, Maryland. The professional staff of the mental institution and Mrs. Finlay's personal psychiatrist conditioned her release from the institution on her not having to return to the house in which she had previously lived that was in the flight path of the airplanes, but rather to a quieter neighborhood. Shortly thereafter, during the year in question, petitioners bought a house in Potomac, Maryland, and moved their family's household and personal effects there to satisfy the requirements for Mrs. Finaly's release from confinement. In making this move, the petitioners incurred actual out-of-pocket expenses in the amount of $1,352.32, which they claimed as a medical deduction on their income tax return for the year 1977. This deduction was disallowed by the respondent in the statutory notice of deficiency. The respondent contends that the expense in question is not deductible as a medical expense, under the decision of the United States Supreme Court in Commissioner v. Bilder,369 U.S. 499 (1962), and under the decisions of this Court in Phares v. Commissioner,T.C. Memo. 1962-273, and Prem v. Commissioner,T.C. Memo. 1962-157. *411 [3] We agree. In the Bilder case, supra, the Supreme Court makes the following statement (page 501-502): The Commissioner maintains, however, that it was the purpose of Congress, in enacting § 213(e)(1)(A) of the 1954 Code, * * * to deny deductions for all personal or living expenses incidental to medical treatment other than the cost of transportation of the patient alone, that exception having been expressly added by subdivision (B) to the definition of "medical care" in § 213(e)(1). * * * We consider the Commissioner's position unassailable in light of the congressional purpose explicitly revealed in the House and Senate Committee Reports on the bill. This Court has held in both the Phares and Prem cases, cited above, that the opinion of the Supreme Court in the Bilder case makes it clear that this section of the Code is to be narrowly construed. In the Phares case, the *412 Court specifically held that the cost of moving the taxpayer's personal belongings from New York City to Mobile, Alabama, could not be deducted, even though his doctor had advised the move from New York to Mobile to alleviate his physical condition. That principle would seem to be even more applicable in the present case, since the expense attempted to be deducted was apparently incurred not only to move the personal effects of Mrs. Finlay from one house to another, but those of the rest of the family as well. The petitioners, in a well-written memorandum filed with the Court, have presented a well-reasoned argument as to why the deduction in question should be allowed. Unfortunately for them, we are bound by the construction placed upon the statute by the United States Supreme Court and, consequently, must disagree with their contention. We have no alternative but to follow the prior decisions referred to above and, thus, sustain the determination made by the respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Prem v. Commissioner was distinguished in a footnote in Montgomery v. Commissioner,51 T.C. 410, 412 (1968), affd. 428 F.2d 243 (6th Cir. 1970). However, the Montgomery↩ case does not support or aid petitioners' cause in this case.