# FULLINWIDER *v.* SOUTHERN PACIFIC RAILROAD COMPANY OF CALIFORNIA ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 121. Submitted December 20, 1918.—Decided January 13, 1919.

The Act of March 3, 1871, c. 122, 16 Stat. 573, granted public lands to the Texas Pacific Railroad, conditioned that those not sold or disposed of within three years from the completion of the road should be subject to settlement and preëmption at a maximum price, and other public lands to the Southern Pacific Railroad, "with the same rights, grants, and privileges, and subject to the same limitations, restrictions, and conditions as were granted to said Southern Pacific Railroad Company of California by the Act of July 27, 1866." *Held,* that the condition of the Texas Pacific grant was inapplicable to the grant made by the same act to the Southern Pacific.

229 Fed. Rep. 717, affirmed.

THE case is stated in the opinion.

*Mr. Fred Beall* for appellant. *Mr. J. Mack Love* was also on the brief.

*Mr. Charles R. Lewers* and *Mr. Wm. F. Herrin* for appellees.

MR. JUSTICE McKENNA delivered the opinion of the court.

Appeal from a decree of the Circuit Court of Appeals affirming a decree of the District Court in and for the Southern District of California dismissing upon demurrer a bill brought by appellant (we shall refer to him as complainant) against the railroad company to compel the

company to convey to him a certain one-half section of land within the limits of the congressional grant to the company made by the Act of March 3, 1871, c. 122, 16 Stat. 573.

The bill alleged the incorporation of the company and that of various corporations impleaded with it, and the following facts: March 3, 1871, Congress made a grant to the Texas Pacific Railroad Company of certain sections of the public lands and provided that the lands which should not be sold or otherwise disposed of within three years after the completion of the entire road should be subject to settlement and preëmption like other lands at a price to be fixed by and paid to the company at not exceeding an average of $2.50 per acre for all of the lands granted.

Section 23 of the act made a further grant of certain sections of the public lands in the State of California to the Southern Pacific Railroad and contained the provision that the company should construct a line of railroad from and to certain named points, "with the same rights, grants, and privileges, and subject to the same limitations, restrictions, and conditions as were granted to said Southern Pacific Railroad Company of California by the Act of July 27, 1866." [c. 278, 14 Stat. 292.]

The road was completed between the designated points more than ten years prior to the 1st of December, 1913.

Among the lands which have not been sold or disposed of that are within the limits of the grant are those described in the bill, and on October 29, 1913, complainant (appellant) tendered the company $800 and demanded of it and the other defendants (appellees) a conveyance of the land, which demand was refused, to the injury and damage of complainant. The land is of the value of $3,000 and complainant has the qualifications entitling him to purchase the land.

Complainant offers to pay the $800 in court and alleges

that the suit was brought, among other things, for the purpose of having the court interpret and construe the acts of Congress referred to.  The other defendants are alleged to have an interest in the land and a construction of the acts of Congress is prayed and of all other acts that have any relation to them; that defendants be decreed to convey to complainant the land and that he have general relief.

Sections 9 and 23 of the Act of March 3, 1871,. are directly involved; the other sections of the act and other acts only as illustrating §§ 9 and 23.

By § 9 a land grant is made to the Texas Pacific Railroad of public land in California in the terms and qualifications which are quite familiar and contains the provision set out in the bill which subjects the land unsold within three years after the completion of the road to settlement and preëmption at a price not exceeding an average of $2.50 an acre.

By § 23 the Southern Pacific Railroad Company of . California was authorized to construct a line of railroad · from a point at or near Tehachapa Pass, by way of Los Angeles, to the Texas Pacific Railroad at or near the Colorado River, "with the same rights, grants, and privileges, and subject to the same limitations, restrictions, and conditions as were granted" to the Southern Pacific Railroad Company by the Act of July 27, 1866, with reservations of rights to other railroad companies.

Based on this provision complainant puts three questions as involved in the case, but says it is only necessary for this court to answer the following one: "Was this grant of lands to the Southern Pacific Railroad Company under the Act of March 3, 1871, made subject to the rights, grants and privileges of said act, or under the rights, grants and privileges of the Act of July 27, 1866, and subject only to its terms?"  Complainant's answer to the question is that the grant to the Southern Pacific was

made under the Act of 1871 and not under the Act of 1866, and deduces from that that the provision in § 9 requiring under certain circumstances a sale to preëmptors is applicable to the Southern Pacific.

Complainant's argument in support of the answer does not submit easily to succinct statement. Its postulate is that the policy of Congress in regard to the public lands came to have its chief solicitude in the disposition of them to actual settlers at reasonable prices and that this policy was not overlooked even in the grants to railroads. And the policy dictated, it is said, the provision of § 9 of the grants to the Texas Pacific Railroad Company, and determines the insertion of a like provision in § 23 which concerns the grant to the Southern Pacific Company, though it is not inserted therein. We may grant, if a policy exists, that it may be used to resolve the uncertainty of a law, but it cannot be a substitute for a law. However, we do not find the uncertainty in §§ 9 or 23 that complainant does, whether jointly or separately considered. Section 23 is complete in itself. The restrictions upon the grant it made that were deemed appropriate were expressed, and their expression excludes any other by a well known rule of construction.

Let us repeat: the Southern Pacific Company is authorized to construct a line of railroad in California with the same rights, grants, and privileges, and subject to the same limitations, restrictions, and conditions as were granted to the company by the Act of July 27, 1866. And there could not have been oversight, nor the inadvertence of expressing one thing when another was meant. Yet this is practically the contention of complainant. Not the conditions of the Act of 1866 are imposed on the grant, but the conditions imposed by § 9, conditions upon a different grant and a different company, is the contention, though complainant admits that "there is no question but that the language of Section 23 segregated from

the act, of which it is a part, and construed alone, sup-ports the contention of the appellees." The language gains, we think, not loses in strength from its location. It makes evident that there was a conscious contrast of provision between the grants and the companies.

*Decree affirmed.*