122 T.C. No. 21

UNITED STATES TAX COURT

LAUREN OSTROW AND JOSEPH TEIGER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6325-03.                    Filed May 21, 2004.

Petitioner wife was a tenant-stockholder in a
cooperative housing corporation.  Tenant-stockholders
may deduct their proportionate share of real estate
taxes paid by a cooperative housing corporation of
which they are stockholders.  Sec. 216(a)(1), I.R.C.

Petitioner wife's proportionate share of real
estate taxes paid by the cooperative housing
corporation was $10,489.  Petitioners deducted $10,489
(1) from adjusted gross income for regular tax purposes
and (2) in computing alternative minimum taxable income
for alternative minimum tax purposes.

Held:  A deduction under sec. 216(a)(1), I.R.C.,
does not reduce alternative minimum taxable income.

Ira Z. Kevelson, for petitioners.

Frank J. Jackson, for respondent.

COLVIN, Judge:  Respondent determined a deficiency in petitioners' 2001 Federal income tax of $3,698.

Petitioner wife was a tenant-stockholder in a cooperative housing corporation.  After concessions, the sole issue for decision is whether a deduction allowed under section 216(a)(1) for petitioner wife's share of the real estate taxes paid by a cooperative housing corporation reduces alternative minimum taxable income.[1]  We hold that it does not.

Section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

                          FINDINGS OF FACT

The parties submitted this case fully stipulated under Rule 122.

Petitioners resided in New York, New York, when they filed their petition.

Lauren Ostrow (petitioner) was a tenant-stockholder of a cooperative housing corporation in 2001.  Petitioners deducted $10,489, which was petitioner's proportionate share of real estate taxes paid by the corporation, as a miscellaneous itemized deduction.  In computing their alternative minimum tax liability,

---

[1] Respondent first raised this issue in the answer.  See Rule 142(a)(1).  We need not consider which party bears the burden of proof because the issue is one of law.

petitioners treated the $10,489 as deductible in computing their alternative minimum taxable income.

OPINION

A.   Background

Section 164 provides a deduction for real property taxes and other specified taxes paid or accrued by the taxpayer during the taxable year.  Sec. 164(a)(1).[2]  In addition, a tenant-stockholder may deduct amounts paid by or accrued to a cooperative housing corporation within the taxable year, to the extent that the amounts represent the tenant-stockholder's proportionate share of (1) the real estate taxes deductible by the corporation under section 164, sec. 216(a)(1), and (2) the mortgage interest deductible by the corporation under section 163, sec. 216(a)(2).[3]

---

[2]  Sec. 164(a) provides in pertinent part:

SEC. 164. TAXES.

   (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

        (1) State and local, and foreign, real property taxes.
        (2) State and local personal property taxes.
        (3) State and local, and foreign, income, war profits, and excess profits taxes.

[3]  Sec. 216 provides in pertinent part:

(continued...)

Section 55 provides for an alternative minimum tax (AMT).

_____

[3](...continued)
SEC. 216. DEDUCTION OF TAXES, INTEREST, AND BUSINESS
          DEPRECIATION BY COOPERATIVE HOUSING CORPORATION
          TENANT-STOCKHOLDER.

    (a) Allowance of Deduction.--In the case of a
tenant-stockholder (as defined in subsection (b)(2)),
there shall be allowed as a deduction amounts (not
otherwise deductible) paid or accrued to a cooperative
housing corporation within the taxable year, but only
to the extent that such amounts represent the tenant-
stockholder's proportionate share of--

        (1) the real estate taxes allowable as a
    deduction to the corporation under section 164
    which are paid or incurred by the corporation on
    the houses or apartment building and on the land
    on which such houses (or building) are situated,
    or

        (2) the interest allowable as a deduction to
    the corporation under section 163 which is paid or
    incurred by the corporation on its indebtedness
    contracted--

            (A) in the acquisition,
        construction, alteration,
        rehabilitation, or maintenance of
        the houses or apartment buildings,
        or

            (B) in the acquisition of the
        land on which the houses (or
        apartment building) are situated.

    Although sec. 216 refers to taxes or interest, a tenant-
stockholder may deduct his or her share of both taxes and
interest paid by a cooperative housing corporation.  See Eckstein
v. United States, 196 Ct. Cl. 644, 452 F.2d 1036, 1038, 1047-1048
(1971); Park Place, Inc. v. Commissioner, 57 T.C. 767, 774
(1972); S. Rept. 1631, 77th Cong., 2d Sess. 51 (1942), 1942-2
C.B. 504, 546 ("The bill provides for a new deduction * * * of
taxes and interest paid or accrued by a tenant stockholder to a
cooperative apartment corporation"); IRS Publication 530, Tax
Information for First-Time Homeowners 3-4 (2003 ed.).

In computing alternative minimum taxable income (AMTI), no deduction is allowed to an individual for, inter alia, miscellaneous itemized deductions (as defined in section 67(b)) or "for any taxes described in paragraph (1), (2), or (3) of section 164(a)" unless such taxes are deductible in computing adjusted gross income; i.e., because incurred in a trade or business.  Sec. 56(b)(1)(A)(i) and (ii).[4]  Deductions under sections 163, 164, and 216 are not miscellaneous itemized deductions, sec. 67(b)(1), (2), (12), and are therefore deductible in computing AMTI, sec. 56(b)(1)(A)(i).

---

[4]  Sec. 56(b)(1)(A) provides:

SEC. 56.   ADJUSTMENTS IN COMPUTING ALTERNATIVE MINIMUM
           TAXABLE INCOME.

(b) Adjustments Applicable to Individuals.--In determining the amount of the alternative minimum taxable income of any taxpayer (other than a corporation), the following treatment shall apply (in lieu of the treatment applicable for purposes of computing the regular tax):

(1) Limitation on deductions.--

(A) In general.--No deduction shall be allowed--

(i) for any miscellaneous itemized deduction (as defined in section 67(b)), or

(ii) for any taxes described in paragraph (1), (2), or (3) of section 164(a).

Clause (ii) shall not apply to any amount allowable in computing adjusted gross income.

Petitioners contend that amounts deducted under section 216(a)(1) are deductible in computing AMTI because section 216 deductions are not (1) listed in section 56(b)(1)(A)(ii) as deductions denied in computing AMTI; (2) deductions "for any taxes described in section 164(a)(1)"; or (3) miscellaneous itemized deductions.

B.    Statutory Predecessor to Section 216

Some historical context may be helpful to understanding the dispute in this case.  Before 1942, tenant-stockholders could not deduct their shares of real estate taxes and interest paid by cooperative housing corporations.  See Holmes v. United States, 85 F.3d 956, 960 (2d Cir. 1996); Holden v. Commissioner, 27 B.T.A. 530, 538 (1933); Wood v. Rasquin, 21 F. Supp. 211, 213-214 (E.D.N.Y. 1937), affd. 97 F.2d 1023 (2d Cir. 1938).  This result was consistent with the longstanding rule that a taxpayer generally cannot deduct taxes paid by another taxpayer.  Deputy v. duPont, 308 U.S. 488, 493-494 (1940).

In 1942, Congress enacted section 23(z) of the Internal Revenue Code of 1939.  Revenue Act of 1942, ch. 619, sec. 128, 56 Stat. 826.  Section 23(z) was reenacted as section 216 of the Internal Revenue Code of 1954, ch. 736, 68A Stat. 730.  The Senate Finance Committee report for the bill that became the Revenue Act of 1942 states in pertinent part:

> The bill provides for a new deduction in section 23(z) of taxes and interest paid or accrued by a tenant

> stockholder to a cooperative apartment corporation within the taxable year. * * *  The general purpose of this provision is to place the tenant stockholders of a cooperative apartment in the same position as the owner of a dwelling house so far as deductions for interest and taxes are concerned.

S. Rept. 1631, 77th Cong., 2d Sess. 51 (1942), 1942-2 C.B. 504, 546.

Under section 23(z) of the Internal Revenue Code of 1939, a stockholder in a cooperative apartment corporation could deduct real estate taxes and interest to the same extent as an individual homeowner.  S. Rept. 1622, 83d Cong., 2d Sess. 36 (1954).  The Senate Finance Committee intended to treat tenant-stockholders of a cooperative and homeowners similarly with respect to the deduction of real estate taxes and interest.  S. Rept. 1631, supra at 51, 1942-2 C.B. at 546.[5]

C.  Whether a Deduction Under Section 216 Reduces AMTI

1.  Petitioners' Contentions

The deductions allowed under section 216 are not specifically listed in the relevant alternative minimum tax provision (section 56(b)) as deductions that are disallowed in computing AMTI.  Petitioners contend that if Congress had intended to deny section 216 deductions in computing AMTI, it would have done so expressly.

---

[5] In conference, the House receded to the Senate amendment without substantive comment.  H. Rept. 2586, 77th Cong., 2d Sess. 40 (1942), 1942-2 C.B. 701, 705.

Petitioners point out that, in listing deductions that are not subject to the 2-percent floor of section 67(a), section 67(b) refers separately to "the deduction under section 164 (relating to taxes)" and "the deduction under section 216 (relating to deductions in connection with cooperative housing corporations)". Petitioners also point out that section 911(c)(2)(A)(ii) refers both to taxes deductible under section 164 and amounts allowed as deductions under section 216. Petitioners contend that those provisions show that where Congress intended to make an Internal Revenue Code provision apply to section 216, Congress did so explicitly.

Thus, in sum, petitioners contend that Congress's failure to list section 216 in section 56(b) shows that section 216(a)(1) deductions are allowed in computing AMTI. We disagree because of section 56(b)(1)(A)(ii), and because petitioners' position would cause dissimilar tax treatment of homeowners and tenant-stockholders in cooperative housing corporations, a result at odds with longstanding expressions of congressional intent.

2.  Statutory Analysis

"[T]axes described in" paragraph (1), (2) or (3) of section 164(a) are not deductible in computing AMTI. Sec. 56(b)(1)(A)(ii). A tenant-stockholder may deduct an amount equal to his or her share of the corporation's real estate taxes deductible under section 164. Sec. 216(a)(1). The phrase "taxes

described in" section 164(a)(1) clearly applies to real estate taxes paid by a taxpayer and deductible under section 164.

If Congress had intended the reference in section 56(b)(1)(A)(ii) to "taxes described in" section 164(a) not to apply to real estate taxes passed through to tenant-stockholders under section 216, Congress could have said "taxes deducted under" paragraph (1), (2), or (3) of section 164(a). Instead, section 56(b)(1)(A)(ii) refers to "taxes described in" section 164(a).

Petitioners contend that Congress used the phrase "taxes described in paragraph (1), (2), or (3) of section 164(a)" in section 56(b)(1)(A)(ii) to deny deduction of real estate, personal property, and income taxes in computing AMTI while allowing deduction of section 59A environmental taxes and generation-skipping transfer taxes in computing AMTI. Whether or not section 56(b)(1)(A)(ii) has that effect, we do not agree that that reading precludes respondent's claim here; i.e., that a deduction under section 216(a)(1) based on taxes paid by a cooperative housing corporation is a deduction for taxes "described in" section 164(a).

Petitioners also argue that if deductions under section 164 include real estate taxes paid by a cooperative housing corporation and deducted by a tenant-stockholder under section

216, references in sections 67(b) and 911(c)(2)(A)(ii) to both sections 164 and 216 would be redundant. We disagree. Section 67(b) refers to "the deduction under" sections 164 and 216, and section 911(c)(2)(A)(ii) refers to taxes "deductible under" section 164 and "a deduction under section 216(a)." We agree that a tax deductible under section 216 is not deductible under section 164. However, section 56(b)(1)(A)(ii), which is at issue here, refers to certain "taxes described in" section 164. We assume Congress used different language because it intended a different meaning. Francisco v. Commissioner, 119 T.C. 317, 323 (2002).

We agree with respondent that the phrase "taxes described in" section 164(a)(1) applies to a tenant-stockholder's deduction under section 216(a)(1) because the amount of that deduction is based on the amount of real estate taxes paid by the tenant-stockholder's cooperative housing corporation.

3.   Avoidance of Anomalous Results

In interpreting a statute, we look first to the language of the statute. Consumer Prod. Safety Commn. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). We have done so here, and we believe the statute supports respondent's position.

If a statute is ambiguous or silent, we may assume that Congress intended policies it explicitly adopted in prior, analogous situations to continue to apply. Commissioner v.

Bilder, 289 F.2d 291, 302 (3d Cir. 1961), revd. on other grounds 369 U.S. 499 (1962); Bowles v. Glick Bros. Lumber Co., 146 F.2d 566, 571 (9th Cir. 1945); see also Fullinwider v. S. Pac. R.R. Co., 248 U.S. 409, 412 (1919) (policy may be used to resolve uncertainty in law).  Thus, even if section 56(b)(1)(A)(ii) were ambiguous, we could properly resolve the ambiguity by reference to Congress's explicit adoption of a policy of providing similar treatment of homeowners and tenant-stockholders in cooperative housing corporations.

In 1942, Congress enacted the predecessor to section 216 to treat homeowners and tenant-stockholders of cooperative housing corporations similarly with respect to the deduction of real estate taxes and interest.  Adoption of petitioners' position would permit tenant-stockholders of those corporations to deduct from AMTI amounts derived from their share of the real estate taxes paid by the corporations, even though homeowners may not deduct their real estate taxes from AMTI.  In 1942, Congress made clear that tenant-stockholders should not be placed at a disadvantage compared to homeowners; it is just as inappropriate that they be given an advantage over homeowners for AMT purposes.

4.   Conclusion

We conclude that the term "taxes described in" section 164(a)(1) includes taxes deductible under section 164(a)(1) as well as taxes deductible by reference to section 164(a)(1), such

as a tenant-stockholder's share of a cooperative's real estate taxes deductible by the tenant-stockholder under section 216(a)(1).[6]

Accordingly,

<u>Decision will be</u>

<u>entered under Rule 155</u>.

---

[6] We need not decide whether, in computing AMTI, a tenant-stockholder may deduct his or her proportionate share of a cooperative's interest deduction under sec. 216(a)(2).